Darrick W. JONES

v.

The UNITED STATES.

No. 435–73.

United States Court of Claims.

July 19, 1974.

J. Francis Pohlhaus, Washington, D. C., attorney of record, for plaintiff. Nathaniel R. Jones, NAACP, New York City, of counsel.

Frances L. Nunn, Washington, D. C., Asst. Atty. Gen. Carla A. Hills, for defendant.

Before COWEN, Chief Judge, and DAVIS, SKELTON, NICHOLS, KASHIWA, KUNZIG, and BENNETT, Judges.

## ON DEFENDANT'S MOTION TO DISMISS THE PETITION

### PER CURIAM:

In 1972 plaintiff was serving as a Marine Corps lance corporal at the Marine Corps Base, Quantico, Virginia. In November of that year he was found guilty by a special court-martial of violations of Article 91 of the Uniform Code of Military Justice (wilful disobedience of the lawful order of a superior noncommissioned officer) and of Article 92 (failure to obey a lawful order of a military policeman). He was sentenced to forfeiture of $40 pay for one month and restriction for 14 days. The convening authority (the Commanding Officer, Service Battalion, Marine Corps Base, Quantico) approved the findings, but only so much of the sentence as provided for forfeiture of $40 pay for one month.

Plaintiff then applied for review, under Article 69 of the Uniform Code, 10 U.S.C. § 869, to the Judge Advocate General of the Navy, asserting (as the main ground) that the court-martial lacked jurisdiction because the involvement of the convening authority in the court-martial process, as contemplated and sanctioned by the Uniform Code, deprived the serviceman of constitutional due process. The Judge Advocate General denied any relief. No further review was possible within the military system, at plaintiff's instance, because of the smallness of the punishment.

The petition in this court asserts that plaintiff's "conviction and sentence are illegal, unconstitutional, null and void for the reason that the court-martial lacked jurisdiction to try him, because the provisions of the Uniform Code of Military Justice that assign multiple roles to the convening authority in the initiation, prosecution and review of courts martial are unconstitutional in that they deprive military defendants of the possibility of fair and impartial trials and thereby deprive them of due process of law in violation of the Fifth Amendment." The relief sought is a judgment for $40 "and an order from this Court to the Secretary of the Navy directing him to expunge or have expunged from his [plaintiff's] naval records any reference to the court martial  *  *  *."

As spelled out in brief and argument, the claim is that Congress acted unconstitutionally in the Uniform Code when it combined in the convening authority the powers to (1) select the members of the court-martial (Art. 25(d)(2), 10 U.S.C. § 825(d)(2)); (2) to detail the military judge (Art. 26(a), 10 U.S.C. § 826(a)); (3) to detail the trial counsel and defense counsel (Art. 27(a), 10 U.S.C. § 827(a)); (4) to refer the charges to the court-martial (cf. Art. 19, 10 U.S.C. § 819; Art. 23, 10 U.S.C. § 823, Art. 30, 10 U.S.C. § 830; Art. 34, 10 U.S.C. § 834); (4) to review the court-martial record and take action thereon (Art. 60, 10 U.S.C. § 860); (5) to return for reconsideration and appropriate action specifications dismissed without a finding of not guilty (Art. 62(a), 10 U.S.C. § 862(a)); and (6) to approve or disapprove the findings and sentence (Art. 64, 10 U.S.C. § 864).[1] Plaintiff's brief sums up his challenge in this way: "In effect the convening authority acts as grand jury, selector of the trial court, trial judge and jury and as trial court and appellate court (in that on review he retries both the facts and law)."

Defendant has moved to dismiss the petition, asserting both the validity of these provisions of the Uniform Code and the lack of jurisdiction in this court to hold otherwise. We grant the Government's motion on the twin grounds that (a) the challenged legislation is not unconstitutional on its face or in every case, and (b) on the presentation made, we cannot say that it is invalid as applied to this plaintiff.

All that we have in this particular case is a single pay forfeiture of $40, unaccompanied by imprisonment or any

---

1. Findings of not guilty cannot be overturned and the severity of the sentence cannot be increased (unless the prescribed sentence is mandatory). Art. 62(b), 10 U.S.C. § 862(b).

other penalty. Plaintiff does not claim any unfairness or error in the proceedings, the findings, or the sentence—other than the use of the general system, prescribed by the Code, pivoting around the convening authority. Moreover, plaintiff does not ask for or desire a trial to show either that the use of this general system led to unjust or unfair proceedings or an unjust or unfair result in his particular case or that the general system has a tendency to lead to unfair or unjust proceedings or results. Nor has plaintiff given us any materials or information raising a triable issue as to either of those questions. We lack, in addition, relevant information as to the actual operation of the challenged Code provisions in this case,[2] or generally. We are simply left with the bare provisions of the Uniform Code and asked to hold invalid any and every court-martial trial conducted under their aegis.

We cannot take that step because we do not believe that, on what we have before us, there was any invalidity in this case. The convening authority's role does not lead to a violation of due process where the ultimate sentence was no more than a forfeiture of $40 of pay, and there is no showing of unfairness in proceedings or result. In all probability it would be constitutional for Congress to permit a minor penalty of this kind to be imposed, even without the serviceman's consent, by a form of "company punishment", i. e. by the immediate commander. Cf. Art. 15, UCMJ, 10 U.S.C. § 815; Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972); Daigle v. Warner, 490 F.2d 358 (C.A.9, 1973). At any rate, the interests at stake in this specific case, while not trivial, are at a relatively low level and the convening authority's multiple roles (absent some special showing) do not evoke the constitutional standards of unfairness for military trials. Cf. Parker v. Levy, —— U.S. ——, 94 S.Ct. 2547, 41 L.Ed.2d 439, de-

cided June 19, 1974, Part II of the opinion; United States v. Augenblick, 393 U.S. 348, 89 S.Ct. 528, 21 L.Ed.2d 537 (1969).

In disposing of this litigation, we do not decide any different case, one way or the other. We neither determine nor imply that a challenge of this sort would be valid in a case with a heavier sentence or a more detailed factual showing, nor do we decide or imply the contrary. Though we necessarily hold that the Code provisions are not invalid on their face in every case, the only particular case we determine is the one before us. If others come to judgment in this court, they will be resolved after taking into account their facts and the record then made. Cf. Daigle v. Warner, supra, 490 F.2d 358 (C.A.9, 1973).

The defendant's motion to dismiss is granted and the petition is dismissed.

---

**2.** We do not even have firm information as to the method of selection of the court-martial members (except that plaintiff did not ask for enlisted personnel) or the military area from which they were chosen, or whether the trial and defense counsel and the military judge were in fact selected by the convening authority or by some other officer or command.